**IN THE COURT OF APPEALS OF IOWA**

No. 20-1087
Filed October 7, 2020

**IN THE INTEREST OF J.B.,**
**Minor Child,**

**V.F., Minor Child,**
        Appellant.
_____

        Appeal from the Iowa District Court for Appanoose County, William Owens, Associate Juvenile Judge.

        A mother appeals the termination of her parental rights.  **AFFIRMED.**

        James R. Underwood, Centerville, for appellant mother.

        Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

        Julie De Vries of De Vries Law Office, PLC, Centerville, attorney and guardian ad litem for minor child.

        Considered by Doyle, P.J., Schumacher, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**SCOTT, Senior Judge.**

A mother appeals the termination of her parental rights to her child, born in 2019, pursuant to Iowa Code section 232.116(1)(e), (g), and (h) (2020).[1]  Our review is de novo.  *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).  Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home.  *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

The mother passively argues she "does not agree that the statutory grounds for termination of her parental rights were met under Iowa Code section 232.116(1)(f)."  But, as noted, her rights were terminated under paragraphs (e), (g), and (h) of section 232.116(1).  In any event, the evidence clearly and convincingly shows the child: (1) is three years of age or younger; (2) has been adjudicated a child in need of assistance; (3) has been removed from parental custody for the last six consecutive months with no trial periods at home; and (4) could not be returned to the mother's care at the time of the termination hearing, as she was incarcerated.  *See* Iowa Code § 232.116(1)(h).  We affirm termination under section 232.116(1)(h).  *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) ("[W]e may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence.").

The mother further argues termination of her parental rights is contrary to the child's best interests.  In determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best

---

[1] The parental rights of the child's father were also terminated.  He does not appeal.

placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). While somewhat unclear, the mother seems to argue that, under the circumstances, the child's best interests mandate a permanency option involving transferring guardianship and custody to a suitable other person. *See id.* § 232.117(5) (authorizing the court, following a termination hearing, to enter an order in accordance with section 232.104 in lieu of terminating parental rights); *see also id.* § 232.104(2)(d)(1) (allowing for transferring of "guardianship and custody of the child to a suitable person").

We begin with the principle that "a guardianship is not a legally preferable alternative to termination." *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)). Although section 232.104(2)(d) allows for the establishment of a guardianship as a permanency option, section 232.104(3) requires "a judicial determination that [such a] planned permanent living arrangement is the best permanency plan for the child." *See B.T.*, 894 N.W.2d at 32–33. Determining the best permanency plan for a child is a best-interests assessment. A guardianship, rather than termination, would not promote stability or provide permanency to this young child's life. *See In re R.S.R.*, No. 10-1858, 2011 WL 441680, at *4 (Iowa Ct. App. Feb. 9, 2011) ("So long as a parent's rights remain intact, the parent can challenge the guardianship and seek return of the child to the parent's custody."). Upon our de novo review, we agree with the juvenile court that, "given the age of the child, the length of time the child has been removed, [the mother's] lack of substantial progress toward reunification, and the availability of other viable permanency options," establishing a

guardianship in lieu of termination would not serve the child's best interests. We find termination to be in the child's best interests.

Next the mother requests the application of the statutory exceptions to termination contained in Iowa Code section 232.116(3)(a) and (e). We first note the application of the statutory exceptions to termination is "permissive, not mandatory." *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)). Section 232.116(3)(a) allows the court to forego termination if "[a] relative has legal custody of the child." Upon our de novo review, we find applicable the principle that "[a]n appropriate determination to terminate a parent child relationship is not to be countermanded by the ability and willingness of a family member to take the child," *In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997), and we decline to apply this exception to termination. Section 232.116(3)(e) allows the court to forego termination if the parent's absence is due to "admission or commitment to any institution, hospital, or health facility or due to active service in the state or federal armed forces." The mother's absence is due to her incarceration in a penal institution, so this exception is not applicable. *See In re J.S.*, 470 N.W.2d 48, 51 (Iowa Ct. App. 1991) (noting institutions under the exception do not include penal institutions).

To the extent the mother requests additional time to work toward reunification, given her track record, we are unable to conclude "the need for removal . . . will no longer exist at the end of the additional six-month period." *See* Iowa Code § 232.104(2)(b).

We affirm the termination of the mother's parental rights.

**AFFIRMED.**